# Application of Privacy Act Congressional-Disclosure Exception to Disclosures to Ranking Minority Members

The congressional-disclosure exception to the disclosure prohibition of the Privacy Act generally does not apply to disclosures to committee ranking minority members.

December 5, 2001

LETTER OPINION FOR THE GENERAL COUNSEL
DEPARTMENT OF THE TREASURY

This letter responds to your request of November 13, 2001, for the opinion of this Office concerning whether information protected by the Privacy Act of 1974 ("Privacy Act" or "Act"), 5 U.S.C. § 552a (2000), may be disclosed to the ranking minority member of the Senate Finance Committee, pursuant to the Act's congressional-disclosure exception, *id*. § 552a(b)(9). We understand that the ranking minority member, not the Finance Committee, requested this information.

The Privacy Act prohibits the disclosure of information subject to the protections of the Act without the consent of the individual to whom the information relates, unless one of the enumerated exceptions of the Act applies. *Id*. § 552a(b). One of those exceptions authorizes disclosure "to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee." *Id*. § 552a(b)(9).

We conclude that the Privacy Act prohibits the disclosure of the Privacy Act-protected information to the ranking minority member. Except where the Senate or House exercises its investigative and oversight authority directly, as is the case with a resolution of inquiry adopted by the Senate or House, each House of Congress exercises its investigative and oversight authority through delegations of authority to its committees, which act either through requests by the committee chairman, speaking on behalf of the committee, or through some other action by the committee itself. As a general matter, ranking minority members are not authorized to make committee requests, act as the official recipient of information for a committee, or otherwise act on behalf of a committee. We understand that the ranking minority member has not received such an authorization from the Finance Committee.

Thus, the essential analysis underlying our conclusion is that although the congressional-disclosure exception to the Privacy Act disclosure prohibition is available for disclosures to either House of Congress or to a committee of Congress, ranking minority members generally do not act on behalf of congressional committees. Accordingly, absent the unusual circumstance of a specific delegation to a ranking minority member from the Senate or House or a committee, a disclosure of Privacy Act information solely to a ranking minority member

is not a disclosure to the committee, and the congressional-disclosure exception is therefore unavailable. Of course, disclosure of the information to the ranking minority member would be authorized by the exception if the committee itself or its chairman authorizes the disclosure.

You also asked whether our conclusion would be any different if the information is delivered to the ranking minority member through the clerk of the committee rather than directly to the member. Our conclusion does not change in that circumstance because all that is different is the method of delivery. The disclosure still cannot be viewed as being made to the committee unless the disclosure has been authorized by the committee or its chairman.

Our conclusion that the Privacy Act's congressional-disclosure exception does not generally apply to disclosures to ranking minority members follows the longstanding Executive Branch practice on this question. Moreover, we note that the Congressional Research Service takes the same view as we do concerning the lack of authority of ranking minority members, as a general matter, to act on behalf of congressional committees:

> The role of members of the minority party in the investigatory oversight process is governed by the rules of each House and its committees. . . . [N]o House or committee rules authorize ranking minority members or individual members on their own to institute official committee investigations, hold hearings or to issue subpoenas. Individual members may seek the voluntary cooperation of agency officials or private persons. But no judicial precedent has recognized a right in an individual member, other than the chair of a committee, to exercise the authority of a committee in the context of oversight without the permission of a majority of the committee or its chair.

Morton Rosenberg, Cong. Research Serv., Rpt. 95-464A, *Investigative Oversight: An Introduction to the Law, Practice and Procedure of Congressional Inquiry* 56 (Apr. 7, 1995) (footnote omitted).

JAY S. BYBEE
*Assistant Attorney General*
*Office of Legal Counsel*